Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

## LATTIMORE, Judge.

■ Appellant moves for rehearing on the single proposition that the evidence is not sufficient to identify the watch exhibited to the jury as one of those taken from the alleged burglarized store. Aubrey Lucas was the witness supposed to have gotten from appellant the watch in question. Lucas testified: "I did buy a watch from him sometime in the spring of this year, sometime about March, in Colorado. I paid him five dollars for it. He didn't tell me where he had bought it. I turned the watch over to Chief Hickman, the chief of police in Colorado. * * * Yes, the watch I bought from him Chief Hickman, the chief of police, took away from me."

We quote from the testimony of Mr. Hickman: "I am chief of police, Colorado, Texas. * * * I know Aubrey Lucas. * * * I found Aubrey Lucas in Kermit. I went and took the watch, and I sent the watch to Mr. Anderson, sheriff of this county. Yes, this watch you show me looks like the watch I sent to Sheriff Anderson. I sent to Sheriff Anderson the same watch I took off of Aubrey Lucas."

We quote from the testimony of Sheriff Anderson: "I received this watch which I turned over to you in the presence of the jury today; I received this watch from Chief Hickman, the witness who has just testified, and this is the same watch."

We quote from the testimony of Mrs. Monroe, who, with her husband, operated the drugstore that was burglarized: "I never recovered back any of those watches except this one. The last time I saw this watch it was in the case, and the next time I knew of it Mr. Anderson, the sheriff, said he had it. The only other time I had seen it it was in the jewelry case. The watch you are showing me is the same watch. That is the only watch we carried of this particular type."

It is needless for us to attempt to add to what is thus plainly shown from the testimony of the witnesses. The watch was identified.

The motion for rehearing is overruled.

## EVANS v. STATE.

### No. 19117.

Court of Criminal Appeals of Texas.

June 9, 1937.

J. G. Anderson, of Fairfield, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**308**

MORROW, Presiding Judge.

Unlawfully tapping a pipe line is the offense; penalty assessed at confinement in the penitentiary for one year.

The indictment appears regular. The record is before us without statement of facts or bills of exception. Appellant entered a plea of guilty to the offense charged, and waived a jury upon the trial of the case.

No error has been perceived warranting a reversal of the conviction. The judgment of the trial court is therefore affirmed.